**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
In re Application of

CHRIS TUOHY

               Petitioner,

For an Order to Obtain Discovery Pursuant to
28 U.S.C. § 1782 for Use in a Foreign
Proceeding.

-----------------------------------------------------------x

24-MC-605 (GHW) (OTW)

**OPINION & ORDER**

**ONA T. WANG**, **United States Magistrate Judge**:

I. **INTRODUCTION**

Before the Court is ECF 20, Spectrum Sleep Solutions, Inc.'s ("SSSI") combined motion to intervene and motion to quash three bank subpoenas which SSSI alleges would unnecessarily disclose its private financial information. (ECF 20). Petitioner Chris Tuohy ("Petitioner") opposes and cross-moves for leave to serve an additional subpoena on JPMorgan Chase Bank N.A. ("Chase")[1] and to serve a new subpoena on SSSI. (ECF 25).

For the following reasons, SSSI's motion to intervene is **GRANTED**; and Petitioner's cross-motion to serve additional subpoenas is **DENIED WITHOUT PREJUDICE**.

II. **FACTUAL SUMMARY**

The Court assumes familiarity with the underlying facts as put forth in its prior Order (ECF 13). As relevant here, on April 18, 2025, the Court granted Petitioner's *ex parte* application seeking an Order pursuant to 28 U.S.C. § 1782 permitting him to conduct discovery for use in a

---

[1] Petitioner's proposed subpoena only seeks records for six transactions that were included in the prior subpoena, which Chase refused to produce. (*See* ECF 26 at 4).

foreign civil proceeding in England (the "English Proceeding") before the High Court of Justice of England and Wales.[2] (ECF 13). In the English Proceeding, Petitioner and 30 others, stockholders of Signifier Medical Technologies Ltd. ("SMT"), allege, *inter alia*, that Akhilesh Shailendra Tripathi breached his duties as director of SMT. (ECF Nos. 1, 9). Petitioner alleges that SSSI, a medical equipment and supplies distributor founded in 2024 and headquartered in Fairfax, Virginia (ECF 23 at ¶ 4), transferred $6.5 million dollars from a Chase account to SMT for "medical devices that were not yet commercially available and that SMT was unable to deliver" (ECF 26 at 5), which were not "arms'-length transactions but, rather, artificial sales created collusively in order to preserve the appearance that SMT is a healthy, well-managed company, rather than one teetering on the brink of insolvency." (ECF 10 at 5) [sic].

Petitioner subsequently served three subpoenas (the "Bank Subpoenas") upon Chase, Morgan Stanley Wealth Management ("Morgan Stanley"), and Citizens Bank N.A. ("Citizens"), three U.S.-based banks (the "Banks"), to obtain documents regarding 23 transactions involving, *inter alia*, SMT and SSSI and/or SSSI's Chief Executive Officer. (ECF 26 at 4) Petitioner believes these records are relevant to show "SMT did not…solve its serious financial difficulties when it obtained funds from SSSI…" (ECF 26 at 6). Petitioner also intends to use those records to "identify the persons colluding in the apparently spurious transactions." (ECF 10 at 5). Both Morgan Stanley and Citizens have completed their production. (ECF 26 at 4-5). Chase produced

---

[2] The English Proceeding bears the case name *Segulah Medical Acceleration AB and others v. Tripathi and another*, CR-2023-005099. (ECF 11 at ¶ 3). There are also two related actions pending against Tripathi involving overlapping parties and facts and coordinated discovery. (ECF 11 at ¶ 16–19). These actions proceed before the English High Court under the case names *Segulah Medical Acceleration AB and others v. Tripathi and another*, BL-2024-000036, and *Gallahue and others v. Tripathi and another*, BL-2024-000401. (ECF 11 at ¶ 16) (*See also* ECF Nos. 11-16, 11-17, 11-18).

one record responsive to the subpoena, and then informed Petitioner it would not produce six other requested records because Petitioner's subpoena did not explicitly reference SSSI's Chase account on those records. (ECF 26 at 4). The Court previously found the discovery sought by the Bank Subpoenas was relevant and proportional. (ECF 13).

### III. DISCUSSION: SSSI'S MOTION TO INTERVENE AND QUASH THE BANK SUBPOENAS

#### A. Motion to Intervene

Petitioner does not dispute SSSI should be allowed to intervene. (ECF 26 at 4). Accordingly, the Court cannot find that Petitioner's interest would be prejudiced by SSSI's intervention and will permit it to do so under Fed. R. Civ. P. 24(b). Because the Court finds SSSI may permissively intervene, the Court need not reach the question of intervention as of right. Accordingly, SSSI's motion to intervene is **GRANTED**.

#### B. The Motion to Quash is Likely Moot

Here, Morgan Stanley and Citizens have completed production, Chase has produced one record and has informed Petitioner that it will not produce the remaining records. Petitioner also states they will not seek a motion to compel Chase to do so; rather they are seeking leave to serve a new subpoena on Chase to resolve their dispute. (ECF 25). Accordingly, there is no more discovery that will be produced in response to the Bank Subpoenas and the Court cannot undo discovery that has already been produced. *See, e.g.*, *Soudani v. Soudani*, No. 23-CV-9905 (PMH), 2024 WL 3236911, at *2 (S.D.N.Y. June 28, 2024) (denying motion to quash as moot because subpoenaed person had already produced responsive documents); *Preston Hollow Cap. LLC v. Nuveen Asset Mgmt. LLC*, 343 F.R.D. 460, 466 (S.D.N.Y. 2023) (same). While the former case relates to an undue burden argument and the latter does not a concern a third-

3

party subpoena, the principles are still applicable here: a motion to quash the Bank Subpoenas would serve no purpose. Chase has already produced the one record SSSI even has standing to challenge and Chase is unwilling to produce the rest without a new subpoena. Accordingly, the Court need not reach this question as SSSI's motion to quash is likely moot and better raised in response to SSSI's anticipated subpoena than here.

## IV. DISCUSSION: PETITIONER'S CROSS-MOTION TO SERVE ADDITIONAL SUBPOENAS IS PREMATURE

SSSI alleges, and Petitioner does not dispute, that the parties have not met and conferred as to what discovery, if any, SSSI will consent to providing, whether from itself or with respect to the new proposed Chase subpoena. (ECF 31 at 12; ECF 26 at 19). As SSSI has been granted permission to intervene, the parties should first discuss the scope of discovery Petitioner is seeking and attempt to reach a resolution rather than litigating any discovery disputes before the subpoena is even issued. Accordingly, Petitioner's cross-motion to serve additional subpoenas is **DENIED WITHOUT PREJUDICE** as premature.

## V. CONCLUSION

For the foregoing reasons, SSSI's motion to intervene is **GRANTED** . (ECF 20). Petitioner's motion to serve additional subpoenas (ECF 25), is **DENIED WITHOUT PREJUDICE**.

The parties are directed to meet and confer as to Petitioner's discovery requests and attempt to reach a resolution on their dispute. The parties are further directed to submit a joint status letter no later than **December 19, 2025** on the status of the remaining discovery.

The Clerk of the Court is respectfully directed to close ECF Nos. 20 and 25.

**SO ORDERED.**

Dated: November 12, 2025
New York, New York

*/s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge